# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 7882 | **DATE** | 5/31/2000 |
| **CASE TITLE** | FRANK P., et al vs. NEW YORK LIFE INSURANCE CO., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: USG's motion to dismiss Count XIII [169-1] of plaintiffs' complaint is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 0 1 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | SB docketing deputy initials | 238 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TBK courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANK P. AND JEAN M. SORANNO, et al.,

    Plaintiffs,

NEW YORK LIFE INSURANCE CO, et al.,

    Defendants.

No. 96 C 7882

**DOCKETED**
**JUN 0 1 2000**

## MEMORANDUM OPINION AND ORDER

Pending is USG Annuity and Life Company's ("USG") motion to dismiss Count XXIII of plaintiffs' second amended complaint. For the reasons set forth below this motion is denied.

## BACKGROUND FACTS

Plaintiffs filed their initial complaint against defendants New York Life, Lincoln/CMP and David Freitag on November 26, 1996. In that complaint, the plaintiffs incorporated allegations against an unknown company as the "ABC Company". The complaint alleges that David Freitag, an insurance agent, at various times, for New York Life, Lincoln/CMP and the "ABC Company," defrauded approximately 64 plaintiffs through the sale and manipulation of insurance products, securities products, and other activities.

The second amended complaint now alleges that the defendant formerly known as the "ABC Company" is in fact USG. Discovery has revealed that while Freitag was employed as a general agent for New York Life, and as part of his scheme to defraud, Freitag sold USG

1



annuities to approximately three plaintiffs who were also customers of New York Life. At the time that Freitag sold the USG policies he was also an agent for USG. After these annuities were sold, Freitag through forgeries at USG, directed the funds to be transferred back to New York Life where they were misappropriated by Freitag from the plaintiffs' accounts.

USG now moves to dismiss count XXIII of plaintiffs' second amended complaint. USG puts forth three arguments in support its contention that Count XXIII as well as USG as a defendant should be dismissed. First, USG argues that each of the three plaintiffs who have an alleged breach of contract claim against USG involve claims that are less than the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332(a). USG argues that this court does not have diversity jurisdiction over these plaintiffs because of the small amounts in controversy. Second, USG argues that supplemental jurisdiction is lacking over these three plaintiffs' claims because they are not a part of the same case and controversy. Finally, USG argues that even if supplemental jurisdiction is found to exist this court should decline to exercise its supplemental powers based upon considerations of judicial economy and fairness to litigants. Each of these arguments will be addressed in turn.

## DISCUSSION

In 1990, Congress codified the common law rules of pendant jurisdiction under the term "supplemental jurisdiction." 28 U.S.C. § 1367(a); see also *Brazinski v. Amoco Petroleum Additives Company*, 6 F. 3d 1176, 1182 (7th Cir. 1993). Section 1367(a) expressly encompassed both pendent claim and pendent party jurisdiction. *Id.* at 1181-82. The statute confers supplemental jurisdiction to the limits of what Article III of the Constitution permits, authorizing

2

federal courts to hear all claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Accordingly, judicial power to hear both state and federal claims exists where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966); *Myers v. County of Lake, Ind.,* 30 F. 3d 847, 850 (7th Cir.), cert. denied, 513 U.S. 1058, 115 S. Ct. 666, 130 L. Ed. 2d 600 (1994); see also 13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3567.1 at 117 (2d ed. 1984).

The issue of whether supplemental jurisdiction permits a court to hear a claim by a party whose loss does not meet the jurisdictional minimum was resolved in *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.,* 77 F. 3d 928 (7th Cir. 1996). Here, our Court of Appeals following *In re Abbott Laboratories,* 51 F. 3d 542, 527-29 (5th Cir.1995) concluded that section 1367(a) of the Judicial Improvements Act of 1990 authorizes the district court to exercise supplemental jurisdiction over a party whose loss does not meet the amount-in-controversy requirements set forth in 28 U.S.C. 1332(a). The Court noted:

> Section 1367(a) provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." (Italics added.) To emphasize the inclusiveness of "all", the section continues: "Such supplemental jurisdiction shall include claims that involve the joiner or intervention of additional parties." *Abbott Laboratories* observed that this language is direct and unambiguous. We held in *Brazinski v. Amoco Petroleum Additives Co.,* 6 F. 3d 1176 (7th Cir. 1993), that § 1367(a) permits the adjudication of a claim by a pendent party that neither arises under federal law nor is supported by diversity of citizenship. If § 1367(a) allows suit by a pendent plaintiff who meets the jurisdictional amount but not the diversity requirement, it also allows suit by a pendent plaintiff who

3

satisfies the diversity requirement but not the jurisdictional amount.
*Stromberg* at 930.

*Stromberg* further sets out the exceptions to the above rule which are found in section (b) of 28 U.S.C. § 1367 none of which are argued by USG to apply in the case at bar. Therefore, USG's argument that this Court does not have diversity jurisdiction over the plaintiffs' claims must fail.

Next, USG argues that this court does not have supplemental jurisdiction over USG because these three plaintiffs' claims are not "part of the same case or controversy" as required by section 1367(a). A review of the facts supporting plaintiffs' claims reveals otherwise. Plaintiffs claims in this case arise out of a common nucleus of operative facts–that being the fraud by Freitag and the transfer of funds between defendants. Although USG argues that there case is simply "one of breach of contract" what happened after this breach--once the funds were transferred from USG brings into question the conduct of New York Life. In many senses if the plaintiffs went to trial against USG they would not be able to do so without the joinder of New York Life. Thus, plaintiffs' claims against USG must be concluded to be part of the same case or controversy with New York Life.

USG's last argument requests that this court decline to exercise supplemental jurisdiction in accordance with 28 U.S.C. §1367(c). We will not do so for the reasons set forth above.

## CONCLUSION

For the reasons set forth above USG's motion to dismiss Count XXIII (#169-1) of plaintiffs' complaint is denied.

SO ORDERED 5/31/00

ENTERED:

*Ronald A. Guzman* (signature)

HON. RONALD A. GUZMAN
United States Judge

Copies to:

Champ W. Davis, Jr.
Margaret F. Wolfe
Davis, Mannix & McGrath
125 S. Wacker Drive
Suite 1700
Chicago, Il. 60606

John Edward Burke
Burke, Weaver & Prell
55 West Monroe Street
Suite 800
Chicago Il. 60603

Donald Alan Murday
Peterson & Ross
200 East Randolph Drive
Suite 7300
Chicago, Il. 60601

Daniel S. Hafter
Hafter & Carroll
33 West Wacker Drive
Suite 1650
Chicago, IL. 60606