IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANK P. and JEAN M. SORRANO, )
et al., )
)
      Plaintiffs, )   96 C 7882
)
      v. )   Judge Ronald A. Guzmán
)
NEW YORK LIFE INSURANCE )
COMPANY, et al., )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

On June 6, 2005, the Court issued an order ("Order") deciding in plaintiffs' favor and against New York Life Insurance Company ("NYL") on plaintiffs' Illinois Consumer Fraud Act ("ICFA") claims. The case is before the Court on: (1) plaintiffs' motion to alter or amend the Order; (2) NYL's renewed motion to compel production of the settlement agreement between plaintiffs and Lincoln National Life and CMP Financial (collectively, "Lincoln") and for a setoff; and (3) Lincoln's motion for an order protecting the settlement agreement from disclosure. For the reasons set forth below, the motion to alter or amend is granted in part and denied in part, the motion to compel and for a setoff is denied, and the motion for a protective order is stricken as moot.

### Motion To Alter Or Amend

Plaintiffs contend that the Court inadvertently omitted the Estate of Dominick Giacomino, Frank Matranga, Pat and Nancy Morrison, Peter Witczak, Danny Crivellone, Gina Crivellone and Tod Von Boeckmann from the list of plaintiffs to whom damages are awarded and omitted the value

of one of Lynn Von Boeckmann's accounts from her damage award. The Court agrees that Frank Matranga, Peter Witczak, Danny Crivellone, Gina Crivellone and Tod Von Boeckmann were erroneously omitted from the Order, as was the value of one of Lynn Von Boeckmann's accounts. Thus, the Court amends the Order to include compensatory damage awards of $2,884,255.01 for Frank Matranga, $875,766.59 for Peter Witczak, $46,082.70 for Danny Crivellone, $36,627.25 for Gina Crivellone and $16,618.60 for Tod Von Boeckmann and to increase the compensatory damage award to Lynn Von Boeckmann by $102,053.12.

The Court's omission of Pat and Nancy Morrison, however, was intentional. Those plaintiffs did not assert an ICFA claim against NYL in the amended complaint. (*See* Am. Compl. ¶ 178.) Thus, they are not entitled to a recovery.[1]

## Motion To Compel and For a Setoff & Motion For Protective Order

NYL argues that it is entitled to reduce its liability by any amount that plaintiffs received from the settlement with Lincoln. Plaintiffs say a setoff is unwarranted for several reasons. First, plaintiffs argue that contribution is unavailable because the causes of action they asserted against Lincoln are different from those they asserted against NYL. For contribution purposes, however, it is the nature of the injury plaintiffs received, not the claims they asserted, that is important. *See N.Y., Chi. & St. Louis R.R. Co. v. Am. Transit Lines*, 97 N.E.2d 264, 267-68 (Ill. 1951) (stating that common law contribution is appropriate when a single injury has been inflicted by two or more joint tortfeasors). Plaintiffs received a single injury from the tortious conduct of Frietag, NYL and

---

[1] Plaintiffs' motion is limited to the compensatory damage award. Thus, the Court will not revisit the punitive damage award.

Lincoln: the dissipation of their investment accounts. Because defendants jointly inflicted a single injury on plaintiffs, the fact that plaintiffs sued each of them under different theories does not bar contribution.

Plaintiff further contends that contribution is improper because liability under the ICFA is individual, not joint and several. Plaintiffs base this argument, not on the language of the statute or any case law interpreting it, but on one appellate panel's interpretation of a similar provision in the Federal Odometer Act. *See Majcher v. Laurel Motors, Inc.*, 680 N.E.2d 416, 428-29 (Ill. App. Ct. 1997) (holding that Federal Odometer Act imposes individual, not joint and several, liability). The Court declines to adopt this interpretation of the ICFA, which is mandated neither by the statute's text nor by supreme court case law, on the strength of a single, purportedly analogous, appellate court decision.

Plaintiffs also say that NYL has waived any right it may have had to a setoff by failing to file a contribution claim against Lincoln. *See Henry ex rel. Henry v. St. John's Hosp.*, 563 N.E.2d 410, 417 (Ill. 1990) (stating that defendants had "failed to preserve their right to contribution . . . because they neglected to raise the contribution claim in a timely fashion during the original proceeding."). NYL says that rule applies only when contribution is sought pursuant to the Illinois Joint Tortfeasors Contribution Act ("the Contribution Act"), and it seeks contribution under common law.

The extent to which common law contribution survived enactment of the Contribution Act is unclear. *Compare Heinrich v. Peabody Int'l Corp.*, 459 N.E.2d 935, 938 (Ill. 1984) (distinguishing contribution from indemnification because "[c]ontribution . . . is a statutory remedy" while "indemnity . . . is a common law doctrine") *with Maher v. Chi. Park Dist.*, 645 N.E.2d 295, 297 (Ill. App. Ct. 1994) (holding that defendant's failure to file a contribution claim did not waive

3

its right to a setoff because "[t]he provision for a setoff contained in the Contribution Act is not the source of the defendants' right to a setoff; it is merely a codification of that right. Defendants were entitled to a setoff at common law.'" (quoting *Johnson v. Belleville Radiologists, Ltd.*, 581 N.E.2d 750, 753 (Ill. App. Ct. 1991))). Ultimately, however, it does not matter, because the Court finds that contribution for intentional torts is prohibited by both the Act and common law.

The Illinois Supreme Court has explicitly held that there is no right to contribution for intentional torts under the Contribution Act. *Gerill Corp. v. Jack L. Hargrove Builders, Inc.*, 538 N.E.2d 530, 542 (Ill. 1989) ("We conclude, therefore, that intentional tortfeasors are not entitled to contribution under the Illinois Contribution Among Joint Tortfeasors Act...."). Moreover, though the *Gerill* court was not squarely faced with the issue, it strongly suggested that there is also no common law contribution for intentional torts:

> In *Skinner*, this court held that a defendant in a strict liability action could maintain a cause of action against a third party for contribution. Before *Skinner*, tortfeasors were not entitled to contribution in Illinois. The origin of this rule was the English case of *Merryweather v. Nixan* (K.B. 1799), 101 Eng. Rep. 1337. However, as this court explained in *Skinner*, *Merryweather* had been misapplied by the great majority of American courts, including Illinois courts, to stand for a rule prohibiting contribution for all tortfeasors. What *Merryweather* actually held was that there is no right to contribution for *intentional* tortfeasors.... Thus, this court concluded in *Skinner* that there is no valid reason for the continued existence of the no-contribution rule. One justice who dissented from the majority opinion in *Skinner* noted that though the majority's discussion of *Merryweather* suggested that the rule against contribution was still in force for intentional tortfeasors, the majority did not make this explicit. Consequently, the dissent found it necessary to state clearly that it is being retained.
>
> Hargrove incorrectly interprets the decision in *Skinner* as abolishing the no-contribution rule for all tortfeasors. *Skinner* held only that a right of contribution exists for a defendant in a strict liability action. The issue of whether contribution exists for intentional tortfeasors was not before the court and therefore was not addressed. However, as noted by the dissent in *Skinner*, the majority's reliance on the *Merryweather* decision, which held that intentional tortfeasors were not entitled

4

to contribution, indicates that the no-contribution rule for intentional tortfeasors was being retained.

*Id.* at 541 (quotations and citations omitted).

NYL says that dictum has little value in the face of the supreme court's holding in *New York, Chicago & St. Louis Railroad.* In that case, the court said:

> [W]here an injury has been received by the negligence or wilfulness of two or more joint tort-feasors and suit is brought against one or more of them to recover damages, any amounts received by plaintiff for execution of a covenant not to sue some one or more of the joint tortfeasors are to be applied in reduction of the damages recoverable from those remaining in the suit.

97 N.E.2d at 267-68. In NYL's view, that statement means common law contribution is available for intentional torts. *See Williams Elec. Games v. Garrity*, No. 97 C 3743, 2003 WL 21799937, at *1 (N.D. Ill. July 29, 2003) (relying on *New York, Chicago & St. Louis Railroad* to conclude that setoff was available under common law for intentional tort).

The Court disagrees. NYL's argument is premised on the faulty assumption that willful is synonymous with intentional. According to the Illinois Supreme Court, a willful act is one that is done intentionally or "under circumstances exhibiting a reckless disregard for the safety of others, such as a failure after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care.'" *Ziarko v. Soo Line R.R.*, 641 N.E.2d 402, 405 (Ill. 1994) (quoting *Schneiderman v. Interstate Transit Lines, Inc.*, 69 N.E.2d 293, 300 (Ill. 1934)). In other words, a willful act may, but need not, be intentional. *See id.* at 406 (noting that "the label 'willful and wanton conduct' has developed . . . as a hybrid between acts considered negligent and behavior found to be intentionally tortious."). Thus, the *New York, Chicago & St. Louis Railroad*

5

court's statement that contribution is available for willful acts does not necessarily mean that it is available for intentional acts.

Moreover, in cases decided after *New York, Chicago & St. Louis Railroad*, the supreme court has repeatedly distinguished between intentional acts and those done recklessly when it comes to apportioning liability. In *Gerill*, as noted above, the court held that the Contribution Act does not apply to intentional torts. 538 N.E.2d at 542. In *Ziarko*, the court held that the Contribution Act applies to willful acts done recklessly but not to those done intentionally. 641 N.E.2d at 408. And, in *Poole v. City of Rolling Meadows*, 656 N.E.2d 768, 771 (Ill. 1995), the court said that a jury could consider a plaintiff's contributory negligence if the defendant's willful and wanton misconduct was reckless, but not if it was intentional.

Given the ambiguity inherent in the *New York, Chicago & St. Louis Railroad* court's reference to willful acts, the *Gerill* court's subsequent dictum that there is no common law contribution for intentional torts and the supreme court's repeated refusal to apportion liability in intentional tort cases, even if common law contribution survived enactment of the Contribution Act, this Court concludes that it does not apply to intentional torts. Because the Court found that NYL intentionally sold excessive or inappropriate products to plaintiffs and, later, deliberately concealed Frietag's illegal conduct from them, NYL is not entitled to contribution from Lincoln under any theory. Accordingly, plaintiffs' settlement agreement with Lincoln is irrelevant and Lincoln has no need for an order protecting it from discovery.

## Conclusion

For the foregoing reasons, plaintiffs' motion to alter or amend the Court's June 6, 2005 Order [doc. no. 449] is granted in part and denied in part. The Order is amended to include the following compensatory damage awards: $2,884,255.01 for Frank Matranga; $875,766.59 for Peter Witczak; $46,082.70 for Danny Crivellone; $36,627.25 for Gina Crivellone; and $16,618.60 for Tod Von Boeckmann and to increase the award to Lynn Von Boeckmann by $102,053.12. In all other respects, plaintiff's motion is denied and the Court's Order stands. NYL's renewed motion to compel and for a setoff [doc. no. 447] is denied. Lincoln's motion for a protective order [doc. no. 455] is stricken as moot.

**SO ORDERED.**  ENTERED: 11/29/05

*[signature]*
**HON. RONALD A. GUZMAN**
**United States District Judge**