IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FRANK P. AND JEAN M. SORRANO, )
et al., )
        Plaintiffs, )
)    No. 96 C 7882
v. )
)    Judge Ronald A. Guzmán
NEW YORK LIFE INSURANCE )
COMPANY, et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

In June 2005, the Court found New York Life Insurance Co. ("NYL") liable for violating the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. 505/1 *et seq.* and ordered it to pay plaintiffs damages in excess of $20 million. The case is before the Court on NYL's motion to stay enforcement of the judgment and for waiver of *supersedeas* bond pursuant to Federal Rule of Civil Procedure ("Rule") 62(d). For the reasons provided in this Memorandum Opinion and Order, the motion is denied.

### Discussion

Rule 62(d) allows an appellant to obtain an automatic stay of enforcement of a monetary judgment pending appeal by posting a supersedeas bond. FED. R. CIV. P. 62(d); *see Lightfoot v. Walker*, 797 F.2d 505, 506-07 (7th Cir. 1986). ("The philosophy underlying Rule 62(d) is that a plaintiff who has won in the trial court should not be put to the expense of defending his judgment on appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if it is affirmed. Posting a supersedeas bond is the simplest way of tendering this

guaranty . . . .") The Court has the discretion to waive the bond requirement, however, and considers the following five factors to determine whether waiver is appropriate:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon v. City of Chi.*, 866 F.2d 902, 904-05 (7th Cir. 1988) (quotations and citations omitted). Only the first four factors are relevant here.[1]

NYL argues that those factors "principally focus on the financial stability of the defendant." (NYL's Mot. ¶ 6.) Some of them do, but the first two factors address the complexity and speed of the collection process, issues that are separate from NYL's ability to pay. NYL states that it has assets "in excess of $60 billion." (*Id.*) But NYL does not say where those assets are located, whether they are liquid or easily liquidated or otherwise give any indication that the collection process will be not be lengthy and complicated. Thus, the first two factors do not weigh in favor of waiving the bond. *See Lightfoot*, 797 F.2d at 506-07 (refusing to waive bond for State of Illinois because the "cumbersome and time-consuming" nature of the collection process outweighed the fact of the State's solvency).

The third factor requires NYL to provide assurance that funds will actually be available to pay the judgment, should it lose on appeal. Such assurance can be provided by, among other

---

[1] Plaintiffs argue that the Court must first determine whether a stay is appropriate by weighing the traditional injunction factors. (*See* Pls.' Resp. NYL's Mot. at 2-3.) Those factors, however, are used to determine whether a stay of an injunctive order should be granted pending appeal. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (stating that injunction factors govern stay decisions under Rule 62(c), which pertains to injunction orders). This case implicates Rule 62(d), which pertains to money judgments.

things, evidence of a previously appropriated fund or secure account for the payment of judgments, a history of paying judgments expeditiously, circumstances that strongly suggest the appellant cannot or will not "place its assets beyond the reach of [the] judgment creditor" or the offer of some other security. *Dillon*, 866 F.2d at 905; *N. Ind. Pub. Serv. Comm'n v. Carbon County Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986). NYL has offered no such assurance.

Instead, NYL focuses solely on the last factor: its ability to pay. There is no question that NYL's current financial statements reflect billions of dollars in assets. As the newspaper regularly reminds us, however, even Fortune 500 companies can engage in questionable accounting practices, be forced to restate their financials and declare bankruptcy. Given the prevailing business climate, a copy of NYL's financial statements and a promise that it is "good for" any judgment is not enough to secure waiver of the bond. *See Roulo v. Russ Berrie & Co.*, No. 82 C 2668, 1988 WL 72306, at *1 (N.D. Ill. July 5, 1988) (denying "profitable corporation['s]" motion to waive bond because no acceptable alternative to a supersedeas bond has been provided[,] . . . . [t]he corporation has not set aside the amount of judgment in any type of secure account or escrow, nor taken any other measures that would provide the plaintiff with the requisite security.") Because that is all NYL has offered, its motion for a stay of execution of the judgment and waiver of supersedeas bond is denied.

## Conclusion

For the reasons set forth above, the Court denies NYL's motion to stay enforcement of judgment and to waive supersedeas bond [doc. no. 473].

**SO ORDERED.**                     **ENTERED:**


APR 13 2006

*[signature]*
HON. RONALD A. GUZMAN
United States District Judge